Joseph Lavi, Esq. (SBN 209776)
jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
vgranberry@lelawfirm.com
Aleksandra Urban, Esq. (SBN 277475)
aurban@lelawfirm.com
Brett D. Szmanda, Esq. (SBN 288688)
bszmanda@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff ROBERT COCOM,
on behalf of himself and others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT COCOM on behalf of himself and similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>ABM AVIATION, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:24-CV-08389-WLH-MAR<br><br>[Removed from Los Angeles Superior Court, Case No. STCV21959]<br><br>**PLAINTIFF ROBERT COCOM'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND STAY THIS ACTION**<br><br>*[Filed concurrently with the Declarations of Robert Cocom, and Brett Szmanda, Request for Judicial Notice]*<br><br>Hearing Information:<br>Date: November 15, 2024<br>Time: 1:30 p.m.<br>Dept.: 9B |

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................1

II. RELEVANT FACTS..................................................................................2

III. ARGUMENT ..............................................................................................3

A. The Arbitration Agreement Is Unconscionable...............................4

1. Procedural Unconscionability.............................................5

i. The Arbitration Agreement is a Contract of Adhesion..........................................................6

ii. A Heightened Degree of Procedural Unconscionability Exists........................................6

2. Substantive Unconscionability............................................8

i. The Arbitration Agreement Lacks Mutuality Regarding the Parties Against Whom Plaintiff Must Arbitrate ..................8

ii. The Scope of the Arbitration Agreement is Unconscionable....9

iii. The Indefinite Time Period is Unconscionable..................10

iv. The Agreement Prohibits Representative PAGA Actions In Any Forum............................................11

v. The Agreement Prohibits Claims For Public Injunctive Relief In Any Forum............................................13

vi. The Agreement Unfairly Waives the Employee's Ability to Use an Arbitration Award for a Preclusive Effect...................15

B. The Court Should Deny The Motion To Compel Arbitration Based On Its Multiple Defects And High Degree Of Substantive Unconscionability...............................................16

IV. CONCLUSION ........................................................................................17

## TABLE OF AUTHORITIES

Pages

### Cases

*Adolph v. Uber Technologies, Inc.*
(2023) 14 Cal.5th 1104……..........................................................1, 11

*Alvarez v. Altamed Health Services Corp.*
(2021) 60 Cal.App.5th 572……………………………………..……………4

*Arias v. Superior Court*
(2009) 46 Cal.4th 969…..……………………………………………………1, 15

*Armendariz v. Foundation Health Psychcare Services, Inc*,
(2000) 24 Cal.4th 83………………………………………….…………2, 5, 6, 16

*Baltazar v. Forever 21, Inc.*
(2016) 62 Cal.4th 1237………………………………………………….….5

*Blair v. Rent-A-Center, Inc.*
(9th Cir. 2019) 928 F.3d 819…………………………………………...…13

*California Grocers Assn. v. Bank of America*
(1994) 22 Cal.App.4th 205…… ……………………………………………5, 6

*Clifford v. Quest Software Inc.*
(2019) 38 Cal.App.5th 745………………………………………………..…14

*Cook v. University of Southern California*
(2024) 102 Cal.App.5th 312…………………………………………1, 8, 9, 10

*Gentry v. Superior Court*,
(2007) 42 Cal.4th 443……………………………………………………..…14

*Hasty v. American Automobile Assn.*
(2023) 98 Cal.App.5th 1041………………………………………………2, 12

*Iskanian v. CLS Transportation Los Angeles, LLC*
(2014) 59 Cal.4th 348…………………………………………………………11, 12

*McGill v Citibank, NA*
(2017) 2 Cal.5th 945…………………………………………………..…1, 4, 13

*Mills v. Facility Solutions Group, Inc., supra,*
84 Cal.App.5th 1035……………………………………………………....11, 16

*Najarro v. Superior Court,*
(2021) 70 Cal.App.5th 871………………………………………………...11

*Nyulassy v. Lockheed Martin Corp.*
(2004) 120 Cal.App.4th 1267……………………………………………..…1, 15

*OTO, L.L.C. v. Kho,*
(2019) 8 Cal.5th 111…………………………………………….…..1, 4, 5, 7, 8

*Pellegrino v. Robert Half Internat., Inc.*
(2010) 181 Cal.App.4th 713…………………………………………...…14

*Ramirez v. Charter Communications, Inc.*
(2024) 16 Cal.5th 478………………………………………………..…2, 4, 5

*Rosenthal v. Great Western Fin. Securities Corp.*
(1996) 14 Cal.4th 394……………………………………………………….4

*Sandler v. Modernizing Med., Inc.*
24-cv-00812-AJB-BJC, 2024 U.S. Dist. LEXIS 184833
(S.D. Cal. October 9, 2024)……………………………………………...1, 9

*Stirlen v. Supercuts, Inc.*
(1997) 51 Cal.App.4th 1519……………………………………………..…5

*Subcontracting Concepts (CT), LLC v. De Melo,*
(2019) 34 Cal.App.5th 201……………………………………………….2, 4, 12

*Vaughn v. Tesla, Inc.*
(2023) 87 Cal.App.5th 208………………………………………………...13, 14

*Viking River Cruises, Inc. v. Moriana*
(2022) 596 U.S. 639…………………………………………………………11, 12

*Wherry v. Award, Inc.*
(2011) 192 Cal.App.4th 1242…………………………………………..…16

*ZB, N.A. v. Superior Court*
(2019) 8 Cal.5th 175……………………………………………………….15

## Statutes

9 U.S.C. § 1, *et seq*…………………………………………….....…….3-4

9 U.S.C. § 2……………………………………………………….…….…..4

Cal. Civ. Code § 1668…………………………………………….……….…...15

Cal. Civ. Code § 1670.5(a)………………………………………………….…..4

Cal. Civ. Code § 3513…………………………..……………………….…..15

Cal. Code of Civil Procedure § 1280 et seq………………………………….…….4

Cal. Code of Civil Procedure § 1281……………………………………...1, 4, 15

Cal. Code of Civil Procedure § 1281.2………………………………...……..4

Cal. Code of Civil Procedure § 1290.2……………………………..…..….4

Cal. Government Code § 12920…………………………………………….….14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant ABM Aviation, Inc. (hereinafter "Defendant") seeks to compel arbitration of Plaintiff Robert Cocom's ("Plaintiff") claims an individual basis. The Court must deny Defendant's motion because the purported Agreement is permeated with unconscionable terms.

The agreement is procedurally unconscionable because it is a contract of adhesion. *OTO, L.L.C. v. Kho,* (2019) 8 Cal.5th 111, 126. The agreement was presented on a take it or leave it basis. The circumstances in which it was forced upon the Plaintiff and the nature of the document include additional elements of surprise and oppression.

The agreement is substantively unconscionable because it: (1) lacks mutuality in the claims subject to arbitration because it required employees to arbitrate against broad swaths of third parties without requiring those third parties to arbitrate claims against the employee (*see Cook v. University of Southern California* (2024) 102 Cal.App.5th 312, 317; *see also Sandler v. Modernizing Med., Inc.* 24-cv-00812-AJB-BJC, 2024 U.S. Dist. LEXIS 184833 (S.D. Cal. October 9, 2024).); (2) is overbroad for purporting to apply to claims that are unrelated to employment; (3) is infinite in duration because it can only be modified or revoked in a writing signed by both parties; (4) purports to waive Plaintiff's right to bring a representative PAGA action in any forum (*see Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1117); (5) prohibits claims for Public Injunctive Relief (*see McGill v Citibank, NA* (2017) 2 Cal.5th 945, 961); and (6) lacks mutuality in that it waives employees' rights to take advantage of PAGA's limited, nonmutual issue preclusion. *Arias v. Superior Court* (2009) 46 Cal.4th 969, 987 (Only employee can use an arbitration award for preclusive affect in later Court action, employer cannot); *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1281.

Furthermore, the fact that representative PAGA claims and claims for public injunctive relief are deemed to be excluded under the Agreement after a court finds the

representative action waiver unenforceable, does not change the unconscionability determination because unconscionability is determined at the time the contract is made and an employee would have no way of knowing whether a court would find the waiver unenforceable if later challenged in court. *See Hasty v. American Automobile Assn.* (2023) 98 Cal.App.5th 1041, 1060-1061 ("*Hasty*") ["The fact that the provision applies to only the "extent permitted by law" does not save it because the employee would have no way of knowing what would be covered or not covered by this provision."] *Id.*

As the agreement is permeated with unconscionability, the Court should refuse to sever the offending provisions and deny Defendant's motion in its entirety. *See Armendariz v. Foundation Health Psychcare Services, Inc*, (2000) 24 Cal.4th 83, 122[1].

## II. RELEVANT FACTS

Plaintiff started working for Defendant on or around August, 2020. Declaration of Robert Cocom ("Cocom Decl."), ¶ 2. After Plaintiff filled out a job application and

---

[1] The other rulings attached to the Defendant's Request for Judicial Notice ("Defendant's RJN") filed in support of the motion are all distinguishable: First, the *Suchite* case, which is attached as Exhibit "B" to Defendant's RJN, only argued as to substantive unconscionability that: (1) the agreement disallowed Berman hearing (which the Court found was not true); (2) the PAGA waiver was unlawful; and (3) the unlawful attorney fee shifting clause. Second, the *De La Torre* case, which is attached as Exhibit "C" to Defendant's RJN, only argued that the AAA Rules failed to allow sufficient discovery as to substantive unconscionability. Third, the *Limon* case, which is attached as Exhibit "D" to Defendant's RJN, only argued that the PAGA waiver was unlawful. In both of the cases where the Plaintiffs argued that the PAGA waiver was unlawful, the Court readily dismissed the arguments based on the fact that the Plaintiffs in those cases did not themselves assert a PAGA claim. However, neither Plaintiff in those cases cited to the authority herein which stands for the proposition that unconscionability is evaluated at the time the contract is made, nor argued what Plaintiff argues here which is that whether Plaintiff has a PAGA claim is irrelevant. *See Subcontracting Concepts (CT), LLC v. De Melo,* (2019) 34 Cal.App.5th 201, 212; *Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 493. *See also, e.g.,* Plaintiff's Request for Judicial Notice in Support of this Opposition ("Plaintiff's RJN"), Exhibits "A" and "B", the corresponding oppositions for the *Suchite* and *Limon* cases. Finally, the *Williams* case, which is attached as Exhibit "1" to Defendant's RJN, did not argue unconscionability at all. *See* Plaintiff's RJN, Exhibit "C".

had an interview, he was notified that he got the job and asked to come to the office on Century Boulevard and fill out onboarding documentation within one week. Cocom Decl., ¶ 3. Plaintiff was not notified that he would be required to sign an arbitration agreement when he came to fill out the paperwork. Cocom Decl., ¶ 4. Plaintiff was not given the option of filling out the paperwork from another location. Cocom Decl., ¶ 5. Plaintiff was informed that he had to go into the Century Boulevard location and use their on-site terminals to fill out the documentation. Cocom Decl., ¶ 6. He was not told that he could access any of this information via a link. Cocom Decl., ¶ 7. Plaintiff was made aware that there was a rush to fill the position because of the COVID-19 pandemic. Cocom Decl., ¶ 8. When Plaintiff went to the office on Century Boulevard to fill out paperwork, there were multiple people in the room filling out onboarding documents at the same time as him. Cocom Decl., ¶ 9. Plaintiff was told to hurry up and get it done because they needed to get people onboarded quickly. Cocom Decl., ¶ 10. Plaintiff was not able to negotiate any of the terms of the documents. Cocom Decl., ¶ 11. He was informed that he needed to sign them in order to be hired. Cocom Decl., ¶ 12. Plaintiff does not recall signing any arbitration agreement. Cocom Decl., ¶ 13. Plaintiff was not provided with a copy of the arbitration agreement at any time and the signed copies were never made available to him. Cocom Decl., ¶ 14. Plaintiff was not given sufficient time to review the documentation because they were rushing to have numerous people complete the onboarding process. Cocom Decl., ¶ 15. Plaintiff did not have a fair opportunity to read and understand the Arbitration Agreement before signing it, nor did he have an opportunity to ask questions about it or consult with others regarding the terms. Cocom Decl., ¶ 16. Plaintiff was not told that he could have an attorney review any of the onboarding paperwork. Cocom Decl., ¶ 17. Plaintiff never intended to waive his right to file a lawsuit or his right to a jury. Cocom Decl., ¶ 18.

## III. ARGUMENT

Whether the arbitration agreement is governed by the Federal Arbitration Act, 9

U.S.C. § 1, *et seq.* ("FAA") or by the California Arbitration Act, Code of Civil Procedure section 1280 *et seq* ("CAA"), the threshold issue of whether a valid and enforceable agreement to arbitrate exists is determined under California law and procedures. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413; Code of Civil Procedure §§ 1281, 1281.2, 1290.2.)

Once the existence of an arbitration agreement is established, the burden is on the party opposing arbitration to prove a defense to its enforcement. (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 126; *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 580.) If a written arbitration agreement exists, it will be enforced unless there are grounds for its revocation. (*OTO,* 8 Cal.5th at 125; Code of Civil Procedure § 1281.) Unconscionability is a basis for finding an arbitration agreement unenforceable without contravening the FAA. (Civ. Code § 1670.5(a); *OTO,* 8 Cal.5th at 125.) The FAA applies state contract law if a challenge is made to the validity, revocability, or enforceability of an arbitration agreement. (9 U.S.C. § 2 [arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"]; *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 962 [savings clause of section 2 of the FAA shows intent of FAA is " 'to make arbitration agreements as enforceable as other contracts, but not more so.' [Citation omitted.] Thus, arbitration agreements, '[l]ike other contracts,' 'may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.' [Citation omitted.'"].)

**A. <u>The Arbitration Agreement Is Unconscionable</u>**

A Court may refuse to enforce an arbitration agreement found to have been unconscionable at the time it was made. (Cal. Civ. Code §1670.5(a).) As unconscionability is determined at the time the contract is made, an unconscionability analysis does not consider what claims are eventually brought. (Civil Code § 1670.5); *Subcontracting Concepts (CT), LLC v. De Melo,* (2019) 34 Cal.App.5th 201, 212; *see also Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 493 ["[W]hether

a contract is fair or works unconscionable hardship is determined with reference to the time when the contract was made and cannot be resolved by hindsight by considering circumstances of which the contracting parties were unaware."]. *Id.* Thus, arbitration agreements that purport to waive a plaintiff's right to pursue representative PAGA actions or claims for public injunctive relief are unconscionable even if the plaintiff is not pursuing those claims. *See Id.* (disregarding defendant's argument that PAGA waiver is not unconscionable in an action that did not assert PAGA claims, because unconscionability is evaluated at the time the contract is made).

Unconscionability occurs where "one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party". *OTO, L.L.C. v. Kho,* (2019) 8 Cal.5th 111, 125. The doctrine "has both a procedural and substantive element." *Id.* "The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Id.* The substantive element "pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Id.* While both procedural and substantive unconscionability must be shown to establish the defense, "they need not be present in the same degree". *Id.*

**1. Procedural Unconscionability**

"A procedural unconscionability analysis 'begins with an inquiry into whether the contract is one of adhesion'". *Id.* at 126, *quoting Armendariz*, *supra*, 24 Cal.4th at 113; *citing Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1245; *see also Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519,1533 ["the threshold question is whether the subject arbitration clause is part of a contract of adhesion, thereby establishing the necessary element of procedural unconscionability"]; (*California Grocers Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 214 ["The notion of 'procedural' unconscionability merely addresses the question of whether a contract is adhesive."] , A contract of adhesion is "standardized, generally on a preprinted form,

and offered by the party with superior bargaining power 'on-a-take-it-or-leave-it-basis.'" *Id.*

Where contracts are found to be adhesive, the pertinent question "is whether circumstances of the contract's formation created such oppression or surprise that closer scrutiny of its overall fairness is required." *Id.*

**i. The Arbitration Agreement is a Contract of Adhesion**

Here, Defendant's agreement is a standardized, preprinted form that requires all employees to sign as a condition of their employment. *See* Declaration of Brett D. Szmanda ("Szmanda Decl."), Exh. 1. *See* Cocom Decl. ¶ 12. There is no right to opt out and no ability to negotiate any terms of the document. *See* Szmanda Decl. Exh. 1. *See* Cocom Decl. ¶ 11. As such, the agreement is a contract of adhesion offered to Plaintiff on a take-it-or-leave-it basis that establishes procedural unconscionability. *Id.* Defendant does not attempt to argue that it is not a contract of adhesion or that Plaintiff had any ability to negotiate the terms. *See* Memorandum of Points and Authorities in Support of Motion, pages 28-30, *see e.g.,* Declarations in support of Motion. According to Defendant, their system would not allow the opportunity for the employee to refuse to acknowledge any of the documents. *See* Tamada Decl. ¶ 14 ("A new hire could not move forward to the next document unless he or she acknowledged [the current document]"). As shown below, the circumstances of the agreement's formation created such oppression and surprise that a closer scrutiny of the agreement's overall fairness is required. *Id.*

These circumstances establish oppression, and a degree of procedural unconscionability based on the inherent economic pressure on an existing or prospective employee to agree in order to retain or gain employment. *See Armendariz,* 24 Cal.4th at 113, 115.

**ii. A Heightened Degree of Procedural Unconscionability Exists**

The agreement was provided along with several other documents during a

singular onboarding session at Defendant's premises, where Plaintiff was rushed to speed through the paperwork because they were trying to rapidly onboard people during COVID-19. *See* Cocom Decl., ¶¶ 3-17.

Even the documents submitted by the Defendant in support of their motion show that Plaintiff was subject to oppression and surprise. Despite the Defendant attempting to insinuate that Plaintiff had the ability to access the arbitration agreement before the date he signed, that is not true. Copies of the signed onboarding documents were never made available to employees. *See* Cocom Decl., ¶¶ 14, 18.

Corroborating Plaintiff's account is the fact that the "Service New Hire Package" was initiated at 10:11 AM on August 24, 2020. *See* Declaration of Paige Tamada ("Tamada Decl."), Exh. D, page 1. At 11:54 AM on August 24, 2020, Plaintiff apparently acknowledged 18 separate documents, one of which includes the arbitration agreement. *See* Tamada Decl., Exh. D, pages 1-2. The Service New Hire Package shows as being completed on August 24, 2020 at 11:54 AM, confirming that the arbitration agreement and the other documents acknowledged at 11:54 AM were in fact part of the Service New Hire Package which was initiated at 10:11 AM on August 24, 2020. *See* Tamada Decl., Exh. D, page 1. The signature timestamp on the arbitration agreement is 18:53 ("GMT"). *See* Tamada Decl., Exh. E. Greenwich Mean Time which is 7 hours ahead of PST, meaning the arbitration agreement was purportedly signed at 11:53 a.m., 1 minute prior to the completion of the Service New Hire Package. *See* Szmanda Decl., ¶ 3. As such the Arbitration Agreement and most likely the other 17 documents were likely just clicked through by Plaintiff due to the fact they were exerting pressure on him to complete the onboarding.

The arbitration agreement is also nearly three pages long, and consists of small font and dense paragraphs in which the substantively unconscionable provisions are buried, adding an element of surprise. *OTO, L.L.C. v. Kho, supra,* 8 Cal.5th at 127.

For these reasons, this Court should find a heightened level of procedural unconscionability.

**2. Substantive Unconscionability**

Substantive unconscionability examines the fairness of the contract, particularly adhesion contracts, to ensure that the terms do not unreasonably favor the more powerful party. *OTO, L.L.C. v. Kho, supra,* 8 Cal.5th at 129-130. As shown below, there is a high level of substantive unconscionability.

**i. The Arbitration Agreement Lacks Mutuality Regarding the Parties Against Whom Plaintiff Must Arbitrate**

In *Cook v. University of Southern California* (2024) 102 Cal.App.5th 312 ("*Cook*"), the defendants moved to compel arbitration pursuant to an arbitration agreement signed by the plaintiff as a condition of employment. *Cook v. University of Southern California*, 102 Cal.App.5th at 316. The arbitration agreement provided, in part, that the parties were to resolve all claims by arbitration that the employee may have "against the University or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise; and all claims that the University may have against Employee". *Id.* at 317. The trial court found the agreement was substantively unconscionable for lacking mutuality because it required Cook to arbitrate her claims against USC and all of USC's "related entities" including officers, trustees, administrators, employees, and agents. *Id.* However, the agreement did not require USC's "related entities" to arbitrate their claims against Cook. *Id.* The trial court concluded "This lack of mutuality renders the arbitration agreement substantively unconscionable because it provides the employer more rights and greater remedies than would otherwise be available and concomitantly deprives Plaintiff of significant rights and remedies that she would normally enjoy, for example, in a judicial forum. . . .", and the Court of Appeal affirmed. *Id.* at 324-326.

Defendant's arbitration agreement suffers from the same lack of mutuality as the agreement in *Cook*, as it requires Plaintiff to arbitrate any claims that he may have against Defendant's "past, present, and future parent(s), subsidiaries, affiliates, and/or

their respective past, present, and future officers, directors, and/or employees . . . .", but does not require Defendant's "past, present, and future parent(s), subsidiaries, affiliates, and/or their respective past, present, and future officers, directors, and/or employees . . . ." to arbitrate any claims they may have against Plaintiff. *See* Szmanda Decl., Exh. 1, pg. 1. The agreement provides further, "This Agreement applies to successor entities without the need for a formal assignment by the Company. This Agreement includes any Covered Claim brought against a third-party, including but not limited to any client(s) and/or vendor(s) of the Company." *Id.*

On October 9, 2024, the Southern District of California decided another similar case in *Sandler v. Modernizing Med., Inc. See* No. 24-cv-00812-AJB-BJC, 2024 U.S. Dist. LEXIS 184833 (S.D. Cal. October 9, 2024).

In *Sandler*, the plaintiff asserted that the arbitration agreement at issue was substantively unconscionable due to a lack of mutuality as to the covered claims, the parties and the jury waiver, and because the agreement was infinite in duration. *Id.* at 15. The Southern District followed the *Cook* case in making a finding of unconscionability as to the lack of mutuality of parties and the unlimited duration. *Id.* at 19-20 and 21.

As such, Defendant's agreement is substantively unconscionable for lacking mutuality in the parties subject to arbitration and the corresponding jury waiver.

**ii. The Scope of the Arbitration Agreement is Unconscionable**

In *Cook*, the Court of Appeal affirmed the trial court's ruling that the broad scope of the arbitration agreement was substantively unconscionable. *Cook*, *supra,* 102 Cal.App.5th at 325. The agreement required the parties to arbitrate "all claims, whether or not arising out of Employee's University employment, remuneration or termination, . . ." *Id.* at 321.

Here, similarly, the agreement is not limited at all as to the types of claims which would be covered. The agreement says, "ABM industries Incorporated and its

subsidiary companies (collectively, the "**Company**") and I desire to resolve fairly and quickly, ***all disputes between us*** as set forth below, including, ***but not limited*** to those arising from and/or relating in any way to any aspect of my hiring, my employment, my compensation, and/or the end of my employment, with the Company. Szmanda Decl., Exh. 1, page 1. (Emphasis added and in original). Thereafter, it defines Covered Claims as including "any claim for breach of contract", and violations of "any federal, state, or local laws…". [it also applies to claims arising and/or relating in any way to my…*association with*…the company." Association with the company is much broader than employment with the company.] *Id.*

Just as was the arbitration agreement in *Cook*, the arbitration agreement here explicitly declines to limit the scope of the claims to those related to employment in any fashion. Especially when considered in conjunction with the fact that the agreement requires Plaintiff to arbitrate against broad swaths of unknown parties and is indefinite in nature, this would lead to shocking results. For example, a claim against LAX airport for mishandling luggage ten years after a plaintiff's employment ends would be covered under the scope of this agreement. The agreement is unconscionably broad.

**iii. The Indefinite Time Period of the Arbitration Agreement is Unconscionable**

In *Cook*, the Court of Appeal affirmed the trial court's ruling that the arbitration agreement at issue was unconscionable because it extended indefinitely. The agreement stated that it "shall survive the termination of Employee's employment, and may only be revoked or modified in a written document that expressly refers to the 'Agreement to Arbitrate Claims' and is signed by the President of the University." *Cook*, *supra,* 102 Cal.App.5th at 325. Since there was an "express term of duration", the Court found that the inclusion of this language showed that the parties did not contemplate that the arbitration agreement would be terminable at will. *Id.*

Here, the arbitration agreement states, "This Agreement can be modified only

by a writing both parties sign, stating the intent to revoke or modify this Agreement." Szmanda Decl., Exh. 1, page 2. The term is substantially similar to the provision in the *Cook* arbitration agreement which was found to be substantively unconscionable. According to the express terms of the agreement, the agreement will stay in place until there is a writing signed by both parties stating an intent to revoke the agreement. The unconscionability is exacerbated by the facts that the arbitration agreement applies to broad swaths of unknown individuals, for any claim whatsoever, whether or not related to employment. The Court should similarly find that this provision is unconscionable.

**iv. The Agreement Prohibits Representative PAGA Actions In Any Forum**

Arbitration provisions purporting to waive an employee's right to bring a representative PAGA action are substantively unconscionable. *Subcontracting Concepts (CT), LLC v. De Melo, supra,* 34 Cal.App.5th at 213-214; *Mills v. Facility Solutions Group, Inc.,* 84 Cal.App.5th 1035, 1062-1063; *Najarro v. Superior Court,* (2021) 70 Cal.App.5th 871, 882-883. Accordingly, a "predispute categorical waiver of the right to bring a PAGA action is unenforceable." *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1117, *citing Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348. 382-383. Likewise, an arbitration agreement that provides for arbitration of alleged Labor Code violations sustained by the employee but compels waiver of claims on behalf of other employees is also unenforceable. *Id., citing Iskanian,* 59 Cal.4th at 384 ("whether or not an individual claim is permissible under the PAGA, a prohibition of representative [i.e., non-individual] claims frustrates the PAGA's objectives.")*;see also Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 647 ("*Viking River"*).

Here, the agreement purports to have plaintiff waive the right "to bring, maintain, or participate in any class, collective, or representative proceeding, including but not limited to under California's Private Attorneys General Act of 2004 ("PAGA") or any other applicable similar laws, whether in arbitration or otherwise",

and provides that Covered Claims "must be brought in the individual capacity of the party asserting the claim, and cannot be maintained on a … representative basis". Szmanda Decl., Exh. 1, pages 1-2. The agreement also provides that the "arbitrator does not have the authority to consider, certify, or hear an arbitration as a class action, collective action, or any other type of representative action." Szmanda Decl., Exh. 1, page 2.

It is well established that "*every* PAGA action, whether seeking penalties for Labor Code violations as to only one aggrieved employee—the plaintiff bringing the action—or as to other employees as well, is a representative action on behalf of the state." *Iskanian, supra,* 59 Cal.4th at 387; *see also Viking River,* 596 U.S. at 648 [explaining how the word "representative" in the context of describing PAGA actions is used in two distinct ways. "In the first sense, PAGA actions are "representative" in that they are brought by employees acting as representatives—that is, as agents or proxies—of the State." *Id.* However, "PAGA claims are also called "representative" when they are predicated on code violations sustained by other employees."] *Id.* As the agreement requires covered claims to be brough in an individual capacity, waives the right to bring PAGA actions, and prohibits the arbitrator from presiding over any type of representative action, the agreement is substantively unconscionable. *See Subcontracting Concepts (CT), LLC v. De Melo,* (2019) 34 Cal.App.5th 201, 213-214; *see also Id.*, at 212 [disregarding defendant's argument that PAGA waiver is not unconscionable in an action that did not assert PAGA claims, because unconscionability is evaluated at the time the contract is made). Furthermore, the fact that this provision applies only "to the fullest extent permitted by law" does not save it. *See Hasty v. American Automobile Assn. etc., supra,* 98 Cal.App.5th at 1061 ["The fact that the provision applies to only the "extent permitted by law" does not save it because the employee would have no way of knowing what would be covered or not covered by this provision."] *Id.*

Once the statutory waiting time period expires on November 4, 2024, Plaintiff

intends to bring a representative PAGA claim against Defendant. *See Szmanda Decl.* ¶ 4. Plaintiff's RJN, Exhibit "D", Plaintiff's LWDA notification letter sent August 28, 2024.

**v. The Agreement Prohibits Claims For Public Injunctive Relief In Any Forum**

An arbitration agreement waiving the right to seek public injunctive relief in any forum is invalid and unenforceable. *McGill v Citibank, NA, supra,* 2 Cal.5th at 961 Such a waiver "would seriously compromise the public purposes the statute [was] intended to serve" and is therefore "contrary to California public policy" *Vaughn v. Tesla, Inc.* (2023) 87 Cal.App.5th 208, 228. As described above, the agreement requires arbitration of all employment-related claims, but it also provides that any disputes be arbitrated on an individual basis only and prohibits the Parties from joining or consolidating claims submitted for arbitration with those of any other persons. (Szmanda Decl., Exhibit 1, pgs. 1-2.) The arbitration agreement therefore prohibits Plaintiff from pursuing her claim for public injunctive relief either in court or arbitration. *See Id.* ["Accordingly, because the Arbitration Provision provides for resolution of all covered disputes in arbitration, but prohibits an arbitrator from granting nonindividual relief, the provision does waive Plaintiffs' right to seek a public injunction 'in any forum.'"] *Id., citing McGill v Citibank, NA,* 2 Cal.5th at 956; *Blair v. Rent-A-Center, Inc*. (9th Cir. 2019) 928 F.3d 819, 831.

Plaintiff seeks a public injunction "enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein." (See Complaint, Docket Number 1.1, ¶ 98, see also pg. 26, lns. 22-25, [praying "[f]or an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein."; see also Complaint, Docket Number 1.1, pg. 29, lns. 13-16 [same].) A current or former employee may pursue claims for public injunctive relief to enjoin an employer's

violations of laws established for a public purpose. *See Id.* at 230 [finding public injunctive relief available to enjoin unlawful discrimination in violation of FEHA, given FEHA's strong public purpose as articulated in Government Code § 12920.]. It is well established that the public has an interest in securing compliance with California's employment laws. *See Clifford v. Quest Software Inc.* (2019) 38 Cal.App.5th 745, 755 ["The public certainly has an interest in securing an employer's compliance with wage and hour laws."] *Id.; see also Gentry v. Superior Court,* (2007) 42 Cal.4th 443, 455–456 [the statutory right to receive overtime pay is a matter of public importance and is unwaivable]; *Pellegrino v. Robert Half Internat., Inc.* (2010) 181 Cal.App.4th 713, 736 ["an employer's compliance with statutory wage and hour laws…is a matter of 'public importance.'"] As Defendant's agreement unlawfully purports to waive claims for Public Injunctive Relief in any forum, it is substantively unconscionable.

**vi. The Agreement Eliminates the Employee's Right to Use an Arbitration Award for a Preclusive Effect**

The agreement also provides that: "The parties agree that any arbitration award shall have no preclusive effect as to issues or claims in any other dispute or arbitration proceeding and that arbitrators are barred from giving prior arbitration awards precedential effect." (Szmanda Decl., Exhibit 1, pg. 2.). This provision runs afoul of PAGA's statutory scheme and lacks mutuality. As noted by our Supreme Court:

"[I]f an employee plaintiff prevails in an action under the act for civil penalties by proving that the employer has committed a Labor Code violation, the defendant employer will be bound by the resulting judgment. Nonparty employees may then, by invoking collateral estoppel, use the judgment against the employer to obtain remedies other than civil penalties for the same Labor Code violations. If the employer had prevailed, however, the nonparty employees, because they were not given notice of the action or afforded any opportunity to be heard, would not be

bound by the judgment as to remedies other than civil penalties." *Arias v. Superior Court* (2009) 46 Cal.4th 969, 987. "Nonparty employees may even use the proof of a Labor Code violation in a successful PAGA action against an employer in a subsequent action for 'lost wages' and other 'remedies in addition to civil penalties.' Nonparty employees are bound by the judgment in an action under the PAGA, but only with respect to recovery of civil penalties. This is because the PAGA 'authorizes a representative action only for the purpose of seeking [civil] penalties for Labor Code violations [citation], and an action to recover civil penalties 'is fundamentally a law enforcement action,'' not one for the benefit of private parties. . . . **This limited, nonmutual issue preclusion is permissible** because the purpose of the underlying PAGA action itself is 'to protect the public, and the potential impact on remedies other than civil penalties is ancillary to the action's primary objective.' And our holding today tracks this distinction in *Arias* between civil penalties and additional remedies available under the Labor Code. *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 197, (Emphasis Added). (Internal citations omitted).

This provision, if enforced, would only benefit Defendant, as any arbitration award in a PAGA action in favor of an employer already has no preclusive effect as to nonparty employees. The only effect of this clause is depriving Plaintiff of the right to use an arbitration ruling for a preclusive effect. This provision is therefore substantively unconscionable for lacking mutuality. *See Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1281 ["'[T]he paramount consideration in assessing [substantive] unconscionability is mutuality.'"] *Id., see also* Civil Code § 3513 ["Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement."]; *see also* Civil Code § 1668 ["All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own …violation of law, … are against the policy of the law."] As such, the provision is substantively unconscionable."

### B. The Court Should Deny The Motion To Compel Arbitration Based On Its Multiple Defects And High Degree Of Substantive Unconscionability

A trial court has discretion to refuse to enforce an entire arbitration agreement if the agreement "contains more than one unlawful provision … . Such multiple defects indicate a systematic effort to impose arbitration … not simply as an alternative to litigation, but as an inferior forum that works to the [stronger party's] advantage." *Armendariz,, supra,* 24 Cal.4th at 122 [upholding trial court's denial and refusal to sever two unconscionable provisions]; *Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1250 [denying based on three unconscionable provisions]. Upholding an agreement like this through severance would "create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place." *Mills v. Facility Solutions Group, Inc., supra,* 84 Cal.App.5th at 1045, 1067.

Here, Plaintiff has established additional elements of procedural unconscionability, and the arbitration agreement contains significant substantive unconscionability including six (6) separate bases for that finding. Some of the offending provisions are found in multiple locations in the document. The agreement is therefore permeated with substantive unconscionability and the Court should not sever the offending provisions.

## IV. CONCLUSION

Based on the foregoing, Plaintiff requests that the Court deny the motion in its entirety.

/ / /

/ / /

/ / /

/ / /

## WORD COUNT CERTIFICATION

The undersigned, counsel of record for Plaintiff Robert Cocom, certifies that this brief contains 5,385 words which complies with the word limits of LR 11-6.1.

Dated: October 25 2024, LAVI & EBRAHIMIAN, LLP

By: __*/s/ Brett Szmanda*__________
Joseph Lavi, Esq.
Vincent Granberry, Esq.
Aleksandra. Urban, Esq.
Brett D. Szmanda, Esq.
Attorneys for Plaintiff
ROBERT COCOM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2024, a true and correct copy of **PLAINTIFF'S OPPOSITION TO DEFENDANT ABM AVIATION, INC.'S MOTION TO COMPEL ARBITRATION, STRIKE CLASS CLAIMS AND STAY ACTION** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

*/s/*

, an Employee of

LAVI & EBRAHIMIAN LLP